062916Lf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

TERESA L. DUTTON, )
)
Plaintiff, )  No. 15 cv 122 EJM
vs. )
) ORDER
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits. Briefing concluded June 15, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) (1) failed to properly evaluate the non-medical-expert opinions of Ellen Natvig, PA-C, and Melissa Sheehy, OTR/LO, and (2) failed to properly evaluate her subjective allegations. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff is a 50-year-old woman with an Associate degree as a medical assistant and past work as a paramedical examiner, phlebotomist, and packager. She filed an application for disability benefits alleging peripheral neuropathy, fatigue, side effects of chemotherapy, chronic myofascial pain syndrome, arthralgias, spondylolisthesis, sciatica, and osteoarthritis. The ALJ found that plaintiff had the residual functional capacity (RFC) to perform light exertional work, with limitations. Relying on vocational expert (VE) testimony, the ALJ found that plaintiff could perform such jobs as gate guard, tray setter, and distribution clerk.

Plaintiff first argues that the ALJ failed to give proper weight to the non-medical-expert opinions of Ellen Natvig, PA-C, and Melissa Sheehy, OTR/LO. Plaintiff cites opinions from these two sources who are legally not acceptable medical sources, occupational therapist Melissa Sheehy, OTR/L, and physician assistant Ellen Natvig, PA-C, that she contends the ALJ improperly weighed. Specifically, plaintiff contends the ALJ did not adequately consider medical evidence of chemotherapy-induced fatigue, and, thus, incorrectly discounted Ms. Sheehy's and Ms. Natvig's opinions related to standing and walking limitations. The ALJ considered the opinion evidence, together with the medical evidence and plaintiff's activities, to conclude that Ms. Sheehy's opinion was entitled to some weight and Ms. Natvig's opinion was entitled to little weight (Tr. 20-21). It is the ALJ's function to resolve conflicts among the various opinions. Wagner v. Astrue, 499 F.3d 842, 848 (8th Cir. 2007). Any inconsistency in the record can support an ALJ's decision to discount an opinion from an occupational therapist or physician assistant. *See* Lawson v. Colvin, 807 F.3d 962, 967 (8th Cir. 2015) (citing Raney v. Barnhart, 396 F.3d 1007, 1010 (8th Cir. 2005).

Neither Ms. Sheehy nor Ms. Natvig are acceptable medical sources under 20 C.F.R. § 404.1513; Social Security Ruling ("SSR") 06-3p, 2006 WL 2329939 (Aug. 9, 2006). See Lacroix v. Barnhart, 465 F.3d 881, 885-86 (8th Cir. 2006). Instead, they are "other medical sources." 20 C.F.R. § 404.1513(d). In Lawson, the Eighth Circuit Court of Appeals discussed the weighing of an other medical source's opinion:

> Evidence provided by "other sources" must be considered by the ALJ; however, the ALJ is permitted to discount such evidence if it is inconsistent with the evidence in the record. See [Lacroix, 465 F.3d] at 886–87; see also [Raney, 396 F.3d at 1010] ("In determining what weight to give 'other medical evidence,' the ALJ has more discretion and is permitted to consider any inconsistencies found within the record.") (citation omitted).

Lawson, 807 F.3d at 967.

Ms. Sheehy's and Ms. Natvig's opinions are inconsistent with the medical evidence and plaintiff's admitted activities of daily living. An ALJ may discredit a less than acceptable medical source's opinion for inconsistencies with other evidence in the record. See Crawford v. Colvin, 809 F.3d 404, 408 (8th Cir. 2015).

Plaintiff argues that the medical evidence of chemotherapy-induced fatigue supports Ms. Sheehy's conclusion plaintiff was limited to occasional standing and walking (Tr. 656) and Ms. Natvig's conclusion she had limitations in pace and would be absent from work about two times a month. There is little or no evidence of plaintiff's fatigue in the record, or even discussion of fatigue. It seems to be a late-added argument. She did report a history of fatigue arising during chemotherapy to a neuropsychologist, Steven Peters, Psy.D., in March 2013 (Tr. 689). She told Dr. Peters the symptoms continued to affect her daily life (Tr. 689). However, she admitted she was exercising (Tr. 690). Dr. Peters stated plaintiff's gait and station were normal, and she was able to

3

perform alternating motor movements without difficulty (Tr. 691). Dr. Peters provided a recommendation that when fatigue becomes an issue she should take more frequent breaks (Tr. 691). This lone psychologist's report does not prove physical limitations.

There is little or no evidence or even mention of plaintiff's fatigue in the record. While undergoing chemotherapy in August 2011, plaintiff reported to her oncologist, Thomas Warren, M.D., that she experienced increased fatigue with her bouts of chemotherapy (Tr. 621). But for more than a year after completion of chemotherapy, plaintiff did not appear to report any excessive fatigue. She told Dr. Eyanson in January and March 2012 that she was "not feeling tired" (Tr. 458, 508). Dr. Warren repeatedly encouraged plaintiff to report excessive fatigue to him (Tr. 500, 594, 710, 705), but it does not appear she did. In fact, Dr. Warren's reports in 2012 indicate plaintiff used the treadmill, did Pilates, used a bicycle, and did stretching (Tr. 500, 594). In March 2013, Dr. Warren noted plaintiff enjoyed volunteering at a pet rescue (Tr. 710). In September 2013, Dr. Warren noted plaintiff was keeping herself extremely busy (Tr. 706). While July 2013 and September 2013 medical reports from family physician Shannon Throndson, M.D., listed fatigue as an active problem, plaintiff was only seeking treatment for allergic rhinitis and arthritis on those dates (Tr. 724, 728). None of Dr. Throndson's previous medical reports listed fatigue as an active problem (Tr. 489, 517, 522, 533, 535, 667-668, 673-674, 732, 734-735, 737-738). Thus, plaintiff's argument that chemotherapy-induced fatigue supports limitations in standing and walking is not supported by the record.

Also contrary to plaintiff's argument is that neither Ms. Sheehy nor Ms. Natvig ever mentioned on the record plaintiff's fatigue in standing and walking. Ms. Natvig completed a mental impairment questionnaire that did not address plaintiff's ability to stand and walk

4

and did not mention fatigue (Tr. 682-687). Thus, the ALJ could properly consider the inconsistencies in the record to discount Ms. Natvig's and Ms. Sheehy's opinions. See Crawford, 809 F.3d at 408.

The ALJ also concluded plaintiff's activities of daily living were inconsistent with Ms. Natvig's and Ms. Sheehy's opinions (Tr. 20-21). The ALJ noted plaintiff could do the following daily activities:

> perform her personal care activities; do some light housework; do laundry; drive; go shopping l-2 times a week (for groceries, household items, and personal items); prepare meals; wash dishes; sweep; feed, water, and let her pets out; go out for dinner; visit her parents; go to hockey games; talk on the phone to her mom every day; e-mail on the computer; watch television and read every day as hobbies; pay bills; handle a savings account; use a checkbook/money orders; do some yard work; take some day trips on the weekend; get a lot of vegetables from the half share of their farm; and keep busy with her visiting grandchildren.

(Tr. 22). In addition, a September 2013 report from Dr. Warren indicated plaintiff was volunteering at a pet rescue and keeping herself extremely busy (Tr. 705-706). As these activities contradict the opinions, the ALJ could properly discount the opinions (noting normal daily activities, such as performing household chores, cooking simple meals, sweeping, and mopping, discredited another medical source's opinion). Thus, the ALJ properly considered the opinion evidence and explained the weight given each opinion. There is no error concerning the weight given to these two non-medical-expert opinions.

Regarding plaintiff's second and final argument, that the ALJ improperly evaluated her subjective allegations of pain, the ALJ found that plaintiff's subjective statements were not entirely credible. Credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." Moore, 572 F.3d at 524 (quoting Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001)

(internal quotation marks omitted)). The ALJ found plaintiff not fully credible based on the expert opinions of other doctors, her work history, her daily activities and treatment record, including her own statements. This is supported by the record.

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

June 29, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT